## MARKLEY, RECEIVER, v. RHODES.

1. **Note Payable in Bank Stock:** ACTION ON: DEMAND NECESSARY. On a note payable in bank stock, an action for a money judgment cannot be maintained, until it is shown that the note was reduced to a money claim by demand pursuant to its terms, and that the defendant has neglected or refused to deliver.

2. **Agency:** PRESIDENT OF BANK AGENT OF BANK. If the contract was with the bank, and was made with the president of the bank, and the stock provided in the contract to be delivered was transferred to the president, he would, under the law, hold the stock for the bank, and it would be regarded as the bank's property.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 15.

ACTION AT LAW. There was a verdict and judgment rendered thereon for defendant. Plaintiff appeals. The pleadings are set out and the facts are stated in the opinion.

*Hemenway & Polk*, for appellant.

*J. J. Tolerton* and *Boies & Couch*, for appellee.

BECK, J.—I. The original petition presents the cause of action in the following allegations:

"That September 1, 1871, under the laws of Iowa, a corporation was organized under name of the Bank of Cedar Falls, for the transaction of a general banking business, the principal officers and those actively engaged in the transaction of its business being the president and cashier, the other officers being a vice-president and board of directors.

"That from the date of organization to December 10, 1874, one A. C. Thompson, was president, J. L. Stuart, cashier, and the defendant vice-president, and all members of the board of directors; that by virtue of their duties, said Thompson and Stuart, were the custodians of the property of the corporation and in particular of the bills receivable.

"That July 27, 1874, defendant being indebted to said bank $2,000, duly made and delivered to the bank his promissory note therefor, to bear interest at 10 per cent per annum and due August 1, 1874.

"That on the 10th of December, 1875, the note being unpaid and defendant being the owner and holder of certain stock of the bank, he in fraud of the rights of the corporation and the stockholders thereof, entered into an agreement for the sale of said stock to said Thompson and Stuart, and in consideration therefor said note was delivered up to him, in consideration of which delivery he transferred said stock to said Thompson and Stuart; that the note has never been paid to said bank; that defendant at the time had full knowledge that the bank received no consideration therefor; and that the note was in no manner paid by him.

"That by order of the District Court of Black Hawk county, Iowa, the plaintiff is the receiver of the assets of said bank, with authority to collect all indebtedness."

The answer avers that defendant sold to Thompson and

Stuart, the president and cashier of the bank, on their own account, twenty shares of its stock; that they made certain payments upon the purchase, but were not prepared to pay a balance of $2,000, whereupon it was so arranged that Thompson deposited in the bank, to defendant's credit, $2,000, and defendant executed an instrument in the following words:

"$2,000.　　　　　　CEDAR FALLS, Iowa, July 27, 1874.

"On or before the first day of August, 1874, for value received, I promise to pay Bank of Cedar Falls, or order, Two Thousand Dollars, with interest at the rate of ten per cent per annum till paid, payable at the Bank of Cedar Falls.

"This note is to be paid by the transfer of its equivalent with stock of the Bank of Cedar Falls when called upon for that purpose, now owned by undersigned.

　　　　　　　　　　　　　　J. E. RHODES."

This instrument was intended to witness the contract of the parties and bind defendant to transfer the stock which he had sold to Thompson and Stuart, and it is averred that it is the same instrument referred to in the petition as a promissory note. It is further averred that defendant did assign his stock pursuant to the terms of this instrument which was surrendered to him, and he also withdrew the $2,000 deposited to his credit.

The answer further shows, that, after the assignment of the stock, Thompson made his promissory note for a large sum which he owed the bank, a part thereof being for the $2,000 paid defendant, and transferred to the bank the stock received of defendant as collateral security, which is now held by the receiver, and that payment to the amount of $5,000 has been made upon the note.

The petition was filed November 2, 1876. And pending the trial, which was had in November, 1878, the following amendments to the petition were filed.

"2. That on or about July 27, 1874, the defendant, while vice-president and director of the bank, wrongfully, fraudulently, and in violation of his duties as such officer, and acting

in concert with Thompson, president thereof, executed a contract in writing, named in defendant's answer, and caused the same by the aid of Thompson to be so placed upon the books of the bank that defendant wrongfully and without any consideration given received credit on the books of the bank for the sum of $2,000, which defendant afterward checked out of said bank.

"3.  That on or about August 21, 1874, the bank paid to and for the use of defendant $2,000, upon his written order or check of which plaintiff has not possession, which sum defendant has never repaid; that defendant had no funds with which to pay said check; nor did he afterward place funds there for such purpose; and that the check was paid with the money of the bank."

The defendant pleaded a general denial and set up the statute of limitations to the second amendment, being the third count of the petition.

II.  The court gave an instruction to the jury in the following language:

"9.  One of the questions for you to determine is, whether this was a transaction with the bank.  If you should find that this contract and agreement was made with the bank, no action can be maintained on the contract until a demand for the delivery of the stock is shown, and a neglect or refusal, the instrument not being a negotiable instrument, being a note payable in property and not in money."

This instruction, we think, is correct.  If, as plaintiff claims, the note and contract were transactions with the bank, the plaintiff, to recover thereon in this action, must show that the note was reduced to a money claim by demand pursuant to its terms.  There is no pretense that this was done.  The instruction therefore ends plaintiff's case upon the first count of his petition.  Whatever errors may have been committed by the court in the admission of evidence, and plaintiff claims that errors were thus committed, he is not entitled to recover in the absence of proof of a demand.  If the evidence complained

of by plaintiff had been rejected and the jury had found for plaintiff, in the absence of proof of demand, the verdict would have been set aside, or had the District Court refused to set it aside, we would have reversed the judgment.

III. But it is said that the evidence shows that defendant transferred his stock to Thompson, and as it was out of his power afterwards to transfer to the bank, a demand would have been vain and therefore was not required by the law. It is a sufficient answer to this to say that if the transaction was with the bank, Thompson, being president of the bank and the officer making the contract, in that case would under the law hold the stock for the bank, and it would be regarded as the bank's property.

IV. The second count of the petition, being the first amendment, charges defendant with fraud in executing the contract and causing it to be entered upon the books of the bank, so that he received $2,000 without consideration given therefor.

There is no evidence to support the charge of fraud, or to establish that defendant received from the bank money without consideration. He, without controversy, did transfer the stock to Thompson; this was the consideration of his credit upon the books of the bank.

V. The third count of the petition, the second amendment, is disposed of by the like considerations. There is no evidence to support its averments. Defendant did have funds in the bank out of which his check was paid.

We need not consider the question arising upon the defense of the statute of limitations.

VI. A verdict, had it been found under either the second or third count, would have been set aside by the court below, as being without the support of testimony, and had it not been set aside, we would have reversed judgment.

Other points and questions discussed by counsel need not be considered, as the views we have expressed dispose of the case. The judgment of the District Court must be

AFFIRMED.